IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEBORAH LAUFER,

    Plaintiff,

v.                                                         Case No. 20-888

SHREE RAJSHY AMAJI LLC,

    Defendant.

---

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION TO DISMISS**

---

Defendant, Shree Rajshy Amaji LLC, (hereinafter "Amaji") by its attorneys, von BRIESEN & ROPER, S.C., hereby submits the following brief in support of its Motion to Dismiss in lieu of filing an answer, and respectfully requests that, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court dismiss the claims asserted against it on the grounds that the plaintiff lacks standing to pursue the claims set forth in the complaint, and the court, therefore, lacks subject matter jurisdiction over this matter. For the reasons set forth herein, Amaji respectfully requests that the Court grant defendant's motion and dismiss it and the claims asserted against it in this action on the merits and with prejudice.

**FACTUAL BACKGROUND**

This is a claim involving an individual who acts as a website "tester," filing numerous lawsuits related to allegations of ADA noncompliant websites. (Complaint ¶2) In this specific lawsuit, she seeks injunctive relief with respect to several third-party websites that offer booking services for hotels. The plaintiff is a resident of Florida, and alleges to be disabled as defined by

the ADA. (Complaint ¶1) The complaint alleges that defendant owns a place of public accommodation, which is an Econo Lodge in Wisconsin Rapids, WI. (Complaint ¶3) There are no allegations in the complaint that Econo Lodge has its own website. Rather, the complaint makes allegations with respect to six third-party websites, none of which are named as defendants in the lawsuit. (Complaint ¶9) The complaint alleges that the plaintiff visited the third-party websites, but does not allege that the plaintiff actually intended to travel to Wisconsin or book a room at the Econo Lodge in Wisconsin Rapids. (Complaint ¶10.) Rather, the intent in visiting the websites was simply to check for ADA compliance. (Complaint ¶10.) The plaintiff claims that she intends to visit the websites within the next three to six months, but does not specifically identify any plans to travel to Wisconsin in the future. (Complaint ¶17) As for relief, the plaintiff demands "injunctive relief against the Defendant, including an order to revise its websites, to comply with 28C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites to ensure that it remains in compliance with said requirement." (Wherefore clause, (b).)

## LEGAL STANDARD ON MOTION TO DISMISS

Motions to dismiss based on lack of standing attack the Court's subject matter jurisdiction and are, therefore, considered under Rule 12(b)(1). Reddish v. Ovadia, No. 19-CV-62322, 2020 WL 5097807, at *3 (S.D. Fla. Aug. 11, 2020), report and recommendation adopted, No. 19-62322-CIV, 2020 WL 5096878 (S.D. Fla. Aug. 28, 2020). The Constitution prohibits the Court from exercising jurisdiction over a plaintiff's claim when the plaintiff has not alleged facts demonstrating he or she has standing. Lujan v. Def. of Wildlife, 504 U.S. 555, 560 (1992); *see also* Carello v. Aurora Policemen Credit Union, 930 F.3d 830, 833 (7th Cir. 2019) (**"The doctrine of standing imposes a non-negotiable limit on the power of a federal court."**) (emphasis in original.) Indeed, establishing standing is not a "mere pleading requirement but

2

rather an indispensable part of the plaintiff's case." Lujan, 504 U.S. at 561. When a plaintiff fails to demonstrate standing, courts lack authority to decide the merits of his or her case. Meyers v. Nicolet Rest. of De Pere, LLC, 843 F.3d 724, 726 (7th Cir. 2016) (citing Freedom From Religion Found., Inc. v. Zielke, 845 F.2d 1463, 1467 (7th Cir. 1988)). Standing requires, among other things, that the plaintiff suffered an injury in fact. Lujan, 504 U.S. at 560; Fullerton v. Corelle Brands, LLC, No. 18-CV-4152, 2019 WL 4750039, at *3 (N.D. Ill. Sept. 30, 2019).

To establish standing, a plaintiff must show that he or she has suffered: "(1) an injury in fact, (2) that is fairly traceable to the defendant; and (3) that is likely to be redressed by a favorable decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Furthermore, because Plaintiff seeks injunctive relief, she must also show a likelihood of future injury. 3 Lujan, 504 U.S. at 560-61. "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges ... a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." Shotz, 256 F.3d at 1081 (citing Wooden v. Board of Regents of Univ. Sys., 247 F.3d 1262, 1284 (11th Cir. 2001)).

Complaints must state "more than a bare assertion of legal conclusions to survive a motion to dismiss." Horn v. Husqvarna Consumer Outdoor Products N.A., Inc., No. 12-CV-567, 2013 WL 693119, at *1 (S.D. Ohio Feb. 26, 2013) (citing Allard v. Weitzman, 991 F.2d 1236, 1240 (6th Cir. 1993) ). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mitchell v. BMI Fed. Credit Union, 374 F. Supp. 3d 664, 667 (S.D. Ohio 2019.)

**ARGUMENT**

To establish standing, the "plaintiff must allege an injury in fact that is traceable to the defendant's conduct and redressable by a favorable judicial decision." Casillas v. Madison Ave. Assocs., 926 F.3d 329, 333 (7th Cir. 2019). In this case, the plaintiff fails to fulfill the elements necessary to establish standing, and her complaint should, therefore, be dismissed.

### I.  THE COMPLAINT DOES NOT ALLEGE AN "INJURY-IN-FACT."

The first element that must be satisfied by the plaintiff to establish standing is an "injury-in-fact." The Supreme Court has described this element "as the '[f]irst and foremost' element of standing." Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 103, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). To satisfy this element, the plaintiff must allege that she suffered an injury that is "both concrete and particularized." Spokeo, Inc. v. Robins, ––– U.S. –––, 136 S. Ct. 1540, 1548, 194 L.Ed.2d 635 (2016); Carello v. Aurora Policemen Credit Union, 930 F.3d 830, 833 (7th Cir. 2019)

A similar case was recently decided by the 7th Circuit Court of Appeals, and provides guidance for this matter. In that case, Carello v. Aurora Policemen Credit Union, the court dismissed the complaint for lack of standing. 930 F.3d 830, 833 (7th Cir. 2019). The same result is compelled in this matter.

In Carello, the plaintiff was blind, and was a website "tester," much like the plaintiff in the present case. As the court explained in that case, although being a website tester does not automatically defeat standing, it also does not necessarily confer standing. Id. at ¶ 9. "A tester must still satisfy the elements of standing, including the injury-in-fact requirement." Havens Realty, 455 U.S. at 374–75, 102 S.Ct. 1114. In this case, the plaintiff cannot establish a concrete or particularized injury that rises above a mere abstract dignitary harm. As the court explained in Carello:

4

> …not all dignitary harms are sufficiently concrete to serve as injuries in fact." Griffin, 912 F.3d at 654. A plaintiff " 'personally denied equal treatment' by the challenged discriminatory conduct" has suffered a concrete injury, but dignitary harm stemming from the mere knowledge that discriminatory conduct is occurring is an "abstract stigmatic injury" that the plaintiff lacks standing to vindicate. Allen, 468 U.S. at 755–56, 104 S.Ct. 3315 (citation omitted); see also Clay v. Fort Wayne Cmty. Sch., 76 F.3d at 873, 879 (7th Cir. 1996) ("[N]othing suggests that [the black plaintiffs alleging racial discrimination] suffered anything other than indignation: personal offense from the knowledge that unconstitutional conduct is occurring. Indignation is not an injury-in-fact sufficient to confer standing.").

Carello v. Aurora Policemen Credit Union, 930 F.3d 830, 834 (7th Cir. 2019).

In Carello, the plaintiff was unable to demonstrate a concrete injury as a result of visiting a website that did not have adequate screen-readers for the visually impaired. This was because access to the Credit Union's services was limited to individuals who were specified local city and county employees, and the plaintiff did not fit into this group of individuals. Therefore, his complaint was mere "indignation at violation of the law," which was too abstract to be an injury-in-fact. Id. at ¶13. The court likened the abstract nature of the complaint to a geographic barrier, which also can make an injury too abstract, and which is present in this case. The court stated:

> Much like a geographic barrier between the plaintiff and defendant "can reduce the 'personal' impact of the injury and render it too 'abstract,' " id. (quoting Allen, 468 U.S. at 756–57, 104 S.Ct. 3315), the legal barrier here reduces—indeed, eliminates—the cognizable impact of the Credit Union's conduct on Carello, see id. at 654 ("Here, a neutral proposition of federal law makes it impossible for Griffin to interact directly with the Credit Union."). And in the absence of any personal impact on Carello, his alleged injury is necessarily abstract, amounting to mere indignation that the Credit Union is violating the ADA.

"Concreteness and particularization are distinct components of an injury in fact, Spokeo, 136 S. Ct. at 1548, but in the case of abstract dignitary harm, they are two sides of the same coin. Indignation at violation of the law is not concrete because it does not impact the plaintiff personally; it is not particularized because it does not affect him in an 'individual way.'" See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 n.1, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); see also Allen, 468 U.S. at 755–56, 104 S.Ct. 3315. For a harm to be particularized, "[t]here must be

5

some connection between the plaintiff and the defendant that 'differentiates' the plaintiff so that his injury is not 'common to all members of the public.'" Griffin, 912 F.3d at 655 (alterations and citation omitted). Carello v. Aurora Policemen Credit Union, 930 F.3d 830, 834 (7th Cir. 2019).

In this case, the plaintiff is a resident of Florida, who acts as a website tester, which is what lead her to the various third-party websites described in the complaint. There are no allegations that the plaintiff has any plans to travel to Wisconsin Rapids, or even the state of Wisconsin in general. There are no allegations that the plaintiff has ever actually attempted to book a room at the defendant's Econo Lodge, nor that she intends to stay at this particular hotel in the future. There is a geographic barrier that renders her allegations of indignation too remote to give rise to an injury in fact. As another court in the Southern District of Ohio explained, addressing a similar question:

> Plaintiff in Betancourt "allege[d] that she travels to San Antonio frequently to visit family, and that she will do so in the future." Id. at 605. She also "allege[d] that when she returns to San Antonio, she will visit the Mall as a patron and to determine whether it has been made ADA compliant." Id. at 605–06. Mr. Mitchell has made no such similar allegations of intent to visit the website in the future, and this Court cannot assume present or future deterrence based on past deterrent effects. The allegations elsewhere in Mr. Mitchell's complaint suffer from the same defects.

Mitchell v. BMI Fed. Credit Union, 374 F. Supp. 3d 664, 669 (S.D. Ohio 2019).

This is a similar situation to the present case. The plaintiff makes no specific allegations showing a connection to Wisconsin, and does not allege that she actually intended to travel to the state of Wisconsin in August of 2020, or that she intends to travel to Wisconsin within the next three to six months. In fact, at all times relevant to the allegations set forth in the complaint, the country has been affected by the Coronavirus pandemic, and Wisconsin has been substantially

affected in recent weeks, making travel to the state even less likely absent a true need to engage in such travel. As the Wisconsin Department of Health Services website explains:

> COVID-19 is still spreading across our Wisconsin communities. Staying home is the best way to protect yourself and others from getting sick. We recommend Wisconsinites cancel or postpone all travel, including travel within the state. Everyone should reduce their contact with others by staying home when possible, practicing physical distancing, and being alert for symptoms of COVID-19.

We also want you to know that:

1. Both international (overseas) and U.S. travel is risky.

2. The spread of COVID-19 can change quickly, including in areas of your travel destinations.

3. COVID-19 case patients and close contacts are prohibited from using public transportation (e.g., airplane, bus, ship, shuttle) during their isolation or quarantine periods.

4. If you must travel, you should prepare for:

   o Changing travel restrictions.

   o Staying in-place if you get sick, which could mean isolating or quarantining at your travel destination, thereby postponing your return.

   o Planning for the impact of being away from your home for an extended period of time if you are required to isolate or quarantine in-place.

   o Some cities and counties in Wisconsin may require you stay at home, or self-quarantine for 14 days after your travel.

https://www.dhs.wisconsin.gov/covid-19/travel.htm.

A court may take judicial notice of public records available on government websites. *See* Bova v. U.S. Bank, N.A., 446 F.Supp.2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases). Rogers v. Bellile, No. 17-CV-852, 2017 WL 3927497, at *1 (E.D. Wis. July 28, 2017), report and recommendation adopted, No. 17-C-0852, 2017 WL 3971903 (E.D. Wis. Sept. 7, 2017). The court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. United States v. Wood, 925 F.2d 1580,

7

1582 (7th Cir.1991). Moreover, this court has previously recognized the threat the COVID-19 pandemic poses to public health, and the public directives that have been issued to stay home and avoid travel, noting: "However, the court cannot help but take judicial notice of the excruciating dilemma that will soon be faced by eligible voters who did not register by the March 18, 2020, deadline: either venture into public spaces, contrary to public directives and health guidelines or stay at home and lose the opportunity to vote." Democratic Nat'l Comm. v. Bostelmann, 447 F. Supp. 3d 757, 766 (W.D. Wis. 2020.) It is contrary to public health directives to travel unnecessarily to and within Wisconsin at this point in time. Thus, in addition to the geographic barrier, the current pandemic makes the alleged injury even more remote.

The complaint does not allege that plaintiff has any connection to Wisconsin, or any previous future plans to travel to the state, particularly Wisconsin Rapids. Additionally, the COVID-19 epidemic makes recreational travel even less likely, to the point that it is discouraged on the State's Health Services website. Thus, plaintiff cannot show that her visits to these third-party websites resulted in anything more than mere indignation. As courts have repeatedly held, mere indignation is not an injury-in-fact sufficient to confer standing. Clay v. Fort Wayne Cmty. Sch., 76 F.3d at 873, 879 (7th Cir. 1996). Her complaint should be dismissed.

**II. THE COMPLAINT DOES NOT SUFFICENTLY ALLEGE THAT ANY INJURY IS TRACEABLE TO DEFENDANT'S CONDUCT AND/OR REDRESSABLE BY A FAVORABLE JUDICIAL DECISION.**

In order to establish an injury-in-fact, the plaintiff also must show that the alleged injury is traceable to the defendant's conduct, and that the injury will be redressed by a favorable decision. "It must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " Lujan, 504 U.S. at 561, 112 S.Ct. 2130 (quoting Simon, 426 U.S. at 38, 43, 96 S.Ct. 1917). Mitchell v. BMI Fed. Credit Union, 374 F. Supp. 3d 664, 668 (S.D. Ohio 2019). In this case, the relief sought by the plaintiff will not redress the alleged harm,

because the offending third-party websites are not owned, managed, controlled or maintained by the defendant. The complaint itself does not allege that Econo Lodge has its own website, and acknowledges that the offending websites are "third-party websites." Thus, by their very nature, they are owned, maintained and controlled by ***third parties***, not the defendant. The complaint alleges that the alleged injury will only be addressed if "Defendant is compelled to modify its websites to comply with the requirements of the ADA…" (Complaint ¶20) However, missing from this demand for relief is any support for the idea that the Defendant actually has the authority or ability to modify third-party websites it does not own. Other than speculative allegations, and conclusory statements, there is nothing in the complaint that would suggest that the court finding in the plaintiff's favor could actually result in the remedy she seeks. That is, even if the court were to order that the websites be modified, Amaji/Econo Lodge would have no authority or ability to alter websites it does not own.

     **III.**    **THE COMPLAINT DOES NOT DEMONSTRATE THAT THE PLAINTIFF FACES A "REAL AND IMMEDIATE" THREAT OF FUTURE INJURY.**

Finally, because the plaintiff seeks injunctive relief, she "must also demonstrate that [she] faces a 'real and immediate' threat of future injury; 'a past injury alone is insufficient to establish standing for purposes of prospective injunctive relief.'" Simic v. City of Chicago, 851 F.3d 734, 738 (7th Cir. 2017) (citation omitted). Carello v. Aurora Policemen Credit Union, 930 F.3d 830, 833 (7th Cir. 2019) In Carello, discussed above, the court found that the plaintiff had not sufficiently demonstrated a threat of future injury.

In Mitchell, the court noted that the plaintiff's complaint alleged the possibility of future harm, but concluded that the allegations fell short of those constitutionally required to show standing. Mitchell v. BMI Fed. Credit Union, 374 F. Supp. 3d 664, 668 (S.D. Ohio 2019). In that case, the complaint alleged that the plaintiff had visited the offending website several times

in recent months and was deterred on a regular basis from accessing the website, and in turn, attempting to access the physical location. The court concluded that this was insufficient to demonstrate the likelihood of future harm, comparing the case to Betancourt, cited above, wherein the plaintiff regularly traveled to the location in question, and had concrete plans to travel there in the future. The present case is analogous to Miller, wherein the plaintiff makes no allegations of concrete plans to visit Wisconsin, much less the Econo Lodge in Wisconsin Rapids in question, in the future. The conclusory allegation that she may visit the third-party websites in the future to check on the websites' ADA compliance is not sufficient to establish the likelihood of future harm.

## CONCLUSION

For the reasons set forth herein, the defendant respectfully requests that the court find that the complaint does not contain allegations sufficient to establish standing, and grant the defendant's motion to dismiss accordingly, with prejudice.

Respectfully submitted this 20th day of October, 2020.

                                                  von BRIESEN & ROPER, S.C.
                                                  Attorneys for Defendant, Shree Rajshy Amaji LLC

                                                  By: *s/ Grace M. Kulkoski*
                                                        Grace M. Kulkoski
                                                        State Bar No. 1059822

ADDRESS:
10 East Doty Street, Suite 900
Madison, WI 53703
Phone: (608) 441-0300
Fax: (608) 441-0301
gkulkoski@vonbriesen.com